**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOSIAH T.,

Petitioner,

v.

TODD BLANCHE, Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Director, Immigration & Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration & Customs Enforcement; and JOEL BROTT, Sheriff, Sherburne County

Respondents.

Case No. 26-CV-3089 (NEB/JFD)

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

*Pro se* Petitioner Josiah T., a citizen of Bulgaria, overstayed a tourist visa and then committed several crimes over the course of a few years. (ECF No. 3 ("Am. Pet.") at 2; ECF No. 8-1 ¶¶ 8–13, 16–17, 19–20.) On May 21, 2026, while Petitioner was detained at Dakota County Jail "on an unrelated criminal matter," ICE issued a notice to appear, then a warrant for Petitioner's arrest. (Am. Pet. at 2; ECF No. 8-1 ¶¶ 21–23; ECF No. 8-3; ECF No. 8-4; ECF No. 16 ¶ 5.) That day, when Petitioner was released from Dakota County's custody, ICE served the warrant and took Petitioner into custody. (Am. Pet. at 2; ECF No. 16-1.) ICE later served the notice to appear. (ECF No. 8-3.)

Petitioner has since been ordered removed from the United States. (ECF No. 8-1 ¶ 24; ECF No. 8-5.) Although Petitioner initially waived his right to appeal that order of

removal, he later changed his mind and initiated an appeal with the Board of Immigration Appeals. (ECF No. 8-1 ¶¶ 24, 27, 29.) That appeal remains pending.[1]

Under 8 U.S.C. Section 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quotation omitted). Petitioner raises two claims in the petition for a writ of habeas corpus now before the Court. Both claims are related to the warrant requirement of Section 1226(a).

*First*, Petitioner asserts that ICE improperly issued the warrant before the notice to appear, meaning the arrest is invalid. The Court ordered Respondents to furnish information about when the notice to appear and warrant were issued, and Respondents clarified that the notice to appear was issued first. (ECF No. 14; ECF No. 16 ¶ 5.) Accordingly, this claim is unsuccessful.

*Second*, Petitioner argues that the Form I-200 warrant of arrest was defective because it could not have been based on probable cause. This is not a compelling claim. The warrant was issued on the basis that "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate . . . that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (ECF No. 8-4.) Although courts have concluded that warrants with similar language lacked probable cause, those cases involved situations where ICE could

---

[1] Both parties assume that because Petitioner's appeal remains pending, the order of removal in his case has not yet become administratively final, so the Court proceeds under the same assumption.

not have procured the necessary information until after the warrant was issued. *E.g.*, *Francisco M.A. v. Blanche*, No. CV 26-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026) (concluding that "Petitioner's biometric information could have only been confirmed after Petitioner had been taken into ICE's custody" after petitioner was arrested in the field); *Sergio F.M. v. Blanche*, No. 26-CV-2749 (ECT/DTS), 2026 WL 1971992, at *1 (D. Minn. July 8, 2026) (same). Here, unlike those cases, ICE could have procured that information from law enforcement officials while Petitioner was detained at Dakota County Jail. (Am. Pet. at 2.) Absent an evidentiary basis for concluding that the warrant was issued without probable cause, Petitioner cannot succeed on this claim. *See Kevin J.R.M. v. Blanche*, No. 26-CV-3122 (KMM/JFD), 2026 WL 2230647, at *7 (D. Minn. July 17, 2026) (rejecting similar claim where petitioner's "biometric data would have been obtained when he was booked into" county jail). The habeas petition is denied in its entirety and this matter is dismissed.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The amended petition for a writ of habeas corpus of petitioner Josiah T. (ECF No. 3) is DENIED.

2. This matter is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 17, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge